**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 3, 2007**

**TENTH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 06-2263 |
|  | (D. N.M.) |
| JULIAN FREGOSO-RODRIGUEZ, | (D.Ct. No. CR-05-2458-JC) |
| Defendant - Appellant. | |

**ORDER & JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Julian Fregoso-Rodriguez (also known as Miguel Barragan-Ledemza) pled guilty pursuant to a plea agreement to a single count[1] of conspiracy to possess with intent to distribute more than one kilogram of heroin in violation of 21

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The Superseding Indictment alleged sixteen counts.

U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). As part of the plea agreement, the government agreed to a reduction in his offense level for acceptance of responsibility and conceded Fregoso-Rodriguez may also be eligible for a "safety-valve" reduction, allowing him to avoid the statutory mandatory minimum sentence of ten years imprisonment for his offense. *See* USSG §§ 3E1.1, 5C1.2 and 21 U.S.C. § 841(b)(1)(A). Based on a total offense level of twenty-nine and a criminal history category of I, Fregoso-Rodriguez's advisory sentencing guidelines range was eighty-seven to one hundred eight months imprisonment. At sentencing, Fregoso-Rodriguez asked the district court to sentence him to eighty-seven months imprisonment. The district court agreed. It sentenced him to eighty-seven months imprisonment and recommended removal proceedings begin while he served his sentence.

Fregoso-Rodriguez's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), advising the court that this appeal is wholly frivolous. Accordingly, counsel also seeks permission to withdraw. Under *Anders,* counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon,* 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues . . . ." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this Court. *Id.* We "must then conduct a full

examination of the record to determine whether defendant's claims are wholly frivolous." *Id.*

Fregoso-Rodriguez was given notice of the *Anders* brief and counsel's request to withdraw, but he did not file a brief or other pleadings.[2] Our resolution of the case is, therefore, based on counsel's *Anders* brief, the government's response, and our independent review of the record.

In his *Anders* brief, counsel notes Fregoso-Rodriguez appeals from his sentence on the simple ground that it is too long and correctly identifies our plain error standard of review because no objection was lodged below. Counsel further asserts that such an appeal is frivolous because the sentence imposed is within a properly calculated guideline range, the court considered the 18 U.S.C. § 3553(f) factors, and the sentence received was the one requested by Fregoso-Rodriguez. Our independent review of the record demonstrates counsel is correct in asserting this appeal is frivolous. The district court imposed a sentence at the bottom of the properly calculated advisory guidelines range. Therefore, the sentence is

---

[2] *Anders* holds "if counsel finds [his client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The client may then "raise any points he chooses." *Id.* Thereafter, the court must completely examine all the proceedings to determine the frivolity of the appeal. "If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

presumptively reasonable. *United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir. 2006) (sentences within a properly calculated guideline range are presumptively reasonable). A complete review of the record reveals no facts or circumstances that would render Fregoso-Rodriguez's sentence unreasonable in light of the other sentencing factors set out in § 3553(a). *See id.* Thus, the record reveals no claims arguable on their merits. Counsel's request to withdraw is **GRANTED** and this appeal is **DISMISSED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge